602 July 2, 2025 No. 588

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Tyler Michael BURNARD,
*Petitioner,*

*v.*

PSYCHIATRIC SECURITY REVIEW BOARD,
*Respondent.*

Psychiatric Security Review Board
142653;
A180979

Submitted April 10, 2025.

Harris S. Matarazzo filed the brief for petitioner.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

AOYAGI, P. J.

Affirmed.

## AOYAGI, P. J.

Petitioner was placed under the jurisdiction of the Psychiatric Security Review Board (PSRB) in 2014 after being found guilty except for insanity of attempted murder. He was conditionally released for a period of time and then, in 2020, committed to the Oregon State Hospital. PSRB held a two-year review hearing in late 2022. *See* OAR 859-060-0045(1)(a) ("In no case shall a person be committed and held in a state hospital under the Board's jurisdiction for a period of time exceeding two years without a hearing before the Board to determine whether the person should be conditionally released or discharged[.]"). Petitioner seeks review of PSRB's final order from that hearing, which issued in early 2024 after withdrawal and reconsideration of an earlier order. In its order, PSRB denied petitioner's request to be discharged from its jurisdiction and continued his commitment to the state hospital. Petitioner argues that PSRB erred in doing so because the record lacks substantial evidence that he poses a substantial danger to others because of a qualifying mental disorder. For the following reasons, we affirm.

ORS 161.351(1) provides that a person under PSRB jurisdiction "shall be discharged at such time as the board, upon a hearing, finds by a preponderance of the evidence that the person is no longer affected by a qualifying mental disorder or, if so affected, no longer presents a substantial danger to others that requires regular medical care, medication, supervision or treatment." In its order, PSRB found that petitioner suffers from bipolar I disorder, which is a qualifying mental disorder. *See Walters v. PSRB*, 341 Or App 41, 43, ___ P3d ___ (2025) (discussing the meaning of "qualifying mental disorder"). It also found that, "when active," petitioner's bipolar I disorder "renders him a substantial danger to others."

We do not understand petitioner to challenge the finding that he suffers from a qualifying mental disorder or even to challenge the sufficiency of the evidence of dangerousness in and of itself. Instead, we understand him to argue that any danger that he posed was a result of his personality disorder, which is not a qualifying mental disorder,

rather than his bipolar disorder. *See Rinne v. PSRB*, 326 Or App 777, 784, 533 P3d 802 (2023), *rev den*, 371 Or 825 (2024) ("[T]he person's dangerousness must stem from their qualifying disorder. PSRB's contrary interpretation, that jurisdiction is warranted when a qualifying disorder exacerbates the danger posed by a nonqualifying disorder, is not plausible.").[1]

"We review agency orders for errors of law, substantial evidence, and substantial reason." *Walters*, 341 Or App at 47-48 (internal quotation marks omitted). "Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c).

As an initial matter, we acknowledge that PSRB found both that petitioner presented a substantial danger to others as a result of his bipolar disorder *and* that his personality disorder exacerbated that danger. Given *Rinne*, we focus exclusively on the former finding. The question, then, is whether there is substantial evidence that petitioner presents a substantial danger to others as a result of his bipolar disorder and the attendant risk of violence during a manic episode.

As relevant to that finding, PSRB acknowledged that petitioner's history of violence was limited to one severe incident, which occurred during a manic episode brought about by his bipolar disorder. It found that the absence of subsequent violence had minimal relevance because petitioner has been under PSRB jurisdiction ever since, receiving the attendant support, treatment, and structure necessary to avoid another incident. PSRB credited evidence that petitioner displayed symptoms of hypomania and engaged in threatening conduct during his prior conditional release. And two psychiatrists, who treated petitioner at the state

---

[1] Our decision in *Rinne* hinged on our interpretation of OAR 859-010-0005(8) (Apr 21, 2023), which defined "substantial danger" to mean "'a demonstration or previous demonstration of intentional, knowing, reckless or criminally negligent behavior which places others at risk of physical injury *because of* the person's qualifying mental disorder.'" *Rinne*, 326 Or App at 779 (quoting OAR 859-010-0005(8) (Apr 21, 2023) (emphasis in *Rinne*)). That rule has since been amended, *see* OAR 859-010-0005(8) (Apr 5, 2024), but the version addressed in *Rinne* was the one in effect at the time of petitioner's 2022 hearing.

hospital, testified to petitioner's risk of future manic episodes and opined that he would pose a substantial danger to others if his symptoms were active. Finally, PSRB noted that, although petitioner is currently managing his bipolar disorder without psychotropic medications, there was evidence that exposure to stressors outside the state hospital could trigger an increase in psychiatric symptoms.

Having considered the entire record, we conclude that there is substantial evidence to support the board's finding that petitioner presents a substantial danger to others because of his bipolar disorder, even if the record also would have allowed a different finding. We therefore affirm under the applicable standard of review.

Affirmed.